Joseph DRAKE, Plaintiff,

v.

TREADWELL CONSTRUCTION COM-
PANY, Defendant and Third-
Party Plaintiff,

v.

UNITED STATES of America,
Third-Party Defendant,
Appellant.

No. 13591.

United States Court of Appeals
Third Circuit.

Argued Oct. 16, 1961.

Decided Feb. 15, 1962.

Anthony L. Mondello, Washington, D. C. (William H. Orrick, Jr., Asst. Atty. Gen., Hubert A. Teitelbaum, U. S. Atty., Pittsburgh, Pa., Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellant.

Harold E. McCamey, Pittsburgh, Pa. (Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., Frederick T. M. Crowley, Washington, D. C., on the brief), for appellee.

Before KALODNER, HASTIE and GANEY, Circuit Judges.

HASTIE, Circuit Judge.

This litigation began as a diversity suit in which the plaintiff, Joseph Drake, an employee of the United States, sued the principal defendant, Treadwell Construction Co., for negligent injury suffered when a steel expansion tank, manufactured by Treadwell for the United States, exploded while Drake and others were testing ordnance at a government arsenal. Treadwell then brought the United States into the suit by filing a third-party claim against the government for indemnity or contribution.

The trial of the principal claim resulted in a finding that the tank had been negligently fabricated and a recovery of damages by Drake against Treadwell. On the third-party claim the court found that negligence by the United States was also a responsible cause of Drake's injury. Accordingly, judgment was entered on the third-party claim,

" * * * that the defendant, Treadwell Construction Company, and the third party defendant, United States of America, are joint tortfeasors and that the right of contribution exists in favor of the said defendant, Treadwell Construction Company, and against the United States of America, and the said Treadwell Construction Company may hereafter have judgment against the said United States of America for the amount of $180,-000.00 which it has paid to the plaintiff, Joseph Drake, in excess of a sum of $90,000.00."

The United States has appealed, claiming, among other things, that this judgment on the third-party claim is invalid because of the immunity of the sovereign from suit.

■■ We start with the basic rule that civil liability may not be imposed upon the sovereign except to the extent and in the manner to which it has consented. Seeking to avoid sovereign immunity, the third-party complaint alleges that the United States is liable under the Federal Tort Claims Act, 1946, 60 Stat. 812, 842–847, as reorganized and codified 28 U.S.C. §§ 1346(b), 1402(b), 2402 and 2674. The complainant relies upon United States v. Yellow Cab Co., 1951, 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523, where the Supreme Court decided that the Federal Tort Claims Act, in addition to authorizing an injured person to sue the United States, permits a tort-feasor, sued for negligent injury, to maintain a third-party claim for contribution against the United States as a joint tortfeasor.

■ The Tort Claims Act was the only statute involved in Yellow Cab. This case is different because the plaintiff is a federal employee and was injured in the course of his employment. Admittedly, he is covered by and entitled to compensation under the Federal Employees' Compensation Act, as amended, 5 U.S.C.A. Ch. 15. Section 7(b), added to the Compensation Act by the Act of October 13, 1949, 63 Stat. 861, 5 U.S.C.A. § 757(b), reads in part as follows:

"(b) The liability of the United States or any of its instrumentalities under this Act or any extension thereof with respect to the injury or death of an employee shall be exclusive, and in place, of all other liability of the United States or such instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and anyone otherwise entitled to recover damages from the United States or such instrumentality, on account of such injury or death, in any direct judicial proceedings in a civil action or in admiralty, or by proceedings, whether administrative or judicial, under any other workmen's compensation law or under any Federal tort liability statute * * *."

On its face this subsection withdraws whatever consent the Tort Claims Act, considered alone, would otherwise give to the imposition of tort liability upon the United States on account of the injury of an employee covered by the Compensation Act, whether the claim is as-

serted in the interest of the injured employee or anyone else. Contribution required of a joint tort-feasor toward the satisfaction of a covered government employee's judgment in tort seems as clearly within the language of Section 7(b) as is total direct liability to the injured employee. Christie v. Powder Power Tool Corp., D.D.C.1954, 124 F.Supp. 693; cf. Smither & Co. v. Coles, 100 U.S.App. D.C. 68, 242 F.2d 220, cert. denied, 1957, 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1129; Underwood v. United States, 10th Cir. 1953, 207 F.2d 862.

Similar reasoning has led the Court of Appeals for the Ninth Circuit to the conclusion that, where a government employee has been injured in a collision between two negligently operated ships, one of them operated by the United States, the normal maritime rule of contribution cannot be invoked to impose upon the United States a duty to share with the other negligent party the burden of making the injured employee whole. United States v. Weyerhaeuser S. S. Co., 9th Cir. 1961, 294 F.2d 179.

Rulings under another federal compensation law are also relevant. The language of Section 7(b) of the present statute is similar to the language of Section 5 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 905, in making the workmen's compensation it provides a substitute for whatever tort liability the employer might otherwise have incurred on account of injury suffered by his employee. This court has expressed the view that Section 5 embodies a statutory scheme that precludes a tort-feasor, from whom an employee has recovered for a negligent injury, from obtaining contribution from the injured person's employer as a joint tort-feasor. See Brown v. American-Hawaiian S. S. Co., 3 Cir., 1954, 211 F.2d 16, 18; Crawford v. Pope & Talbot, Inc., 3 Cir., 1953, 206 F.2d 784, 791–792; cf. Pope & Talbot, Inc. v. Hawn, 1953, 346

U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143; Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 1952, 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318. We can find no consideration of public policy and nothing in the legislative history to justify construing the Federal Employees' Compensation Act as giving the United States a narrower immunity. See S.Rep. No. 836, 2 U.S.Code Cong.Serv., 81st Cong. 1st Sess., 1949, pp. 2125, 2135–2136. Of course, the impropriety of allowing contribution as against the United States in a case arising under Section 7(b) of the Federal Employees' Compensation Act is made even clearer by that Section's prohibition of any recovery on account of a government employee's injury "under any Federal tort liability statute".

■ Although the judgment on the third-party claim reads as an allowance of contribution between joint tort-feasors and nothing more than that, Treadwell makes an alternative argument that it properly prevailed on its third-party claim because of "an implied contract that the government will indemnify Treadwell". We do not reach the merits of this contractual theory.[1] For a contractual claim, just as one in tort, can be maintained against the United States only to the extent that the government has waived its sovereign immunity and consented to suit.

■ The generalized consent of the United States to be sued in contract appears in the Tucker Act, 28 U.S.C. § 1491. But the Tucker Act divides jurisdiction over claims against the United States, whether founded on express or implied contract, between the Court of Claims and the district courts. Only claims for less than $10,000 are cognizable in the district courts. 28 U.S.C. § 1346(a) (2). We have here a claim for a liquidated sum far in excess of $10,000. Thus, if the Tucker Act covers such a claim as this—and we do not decide

1. For a recent discussion of a proposed broad construction of the Tucker Act in a different context, see our decision in

Richter and Levy v. United States, No. 13,563, 3 Cir., 296 F.2d 509, decided Nov. 16, 1961.

**792**

that it does—the controversy is not within the jurisdiction of a district court. Cf. United States v. Sherwood, 1941, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; Sutcliffe Storage & Warehouse Co. v. United States, 1st Cir. 1947, 162 F.2d 849.

In brief, if this action asserts a tort claim against the United States, Section 7(b) of the Compensation Act bars the proceeding. If the claim is contractual the Tucker Act requires that it be brought in the Court of Claims.

The judgment will be reversed and the cause remanded for dismissal of the third-party claim for lack of jurisdiction.