**WALLENIUS BREMEN G. m. b. H.,
Owner of the M/V MARTHA,
Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 6225.**

United States District Court
E. D. Virginia, Norfolk Division.

Feb. 13, 1968.

Harvey M. Katz, Admiralty and Shipping Section Dept. of Justice, Washington, D. C., for defendant.

Walter B. Martin, Jr., Bernard G. Barrow, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for plaintiff.

## MEMORANDUM

MacKENZIE, District Judge.

Alan Mitchell, an employee of the United States Government, was acting as an inspector for the Department of Agriculture when he was injured on June 10, 1965, falling from the gangway while leaving the M/V MARTHA, after an inspection.

Mitchell sued the M/V MARTHA and the owners on the theory of an obstruction of the gangway and the failure of the vessel to have safety nets rigged. They settled their liability for $110,000.-00 in a final decree, entered on October 12, 1966, Admiralty No. 8626, Alan L. Mitchell v. M/V MARTHA, etc., United States District Court for the Eastern District of Virginia, Norfolk Division.

On June 7, 1967, the present suit was instituted by Wallenius Bremen G.m.b.H., owner of the M/V MARTHA, against the United States for indemnity (§ 9 of the Complaint filed June 7, 1967).

To the complaint, the United States filed its Motion for Summary Judgment under Rule 56, Federal Rules of Civil Procedure, claiming that the plaintiff would be unable to prove any facts at trial upon which relief could be granted.

The parties agree that Mitchell is limited in his recovery against the United States to the provisions of the Federal Employees' Compensation Act, 5 U.S. C. § 751 et seq.

As Mitchell could not maintain a suit against the United States, this matter falls directly under the lengthy, well reasoned opinion in United Air Lines, Inc. v. Wiener, 335 F.2d 379 (9th Cir. 1965), cert. den. 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549 (1964), that since the United States could not be held liable to its employee " * * * neither contribution nor indemnity may be awarded without the support of liability on the part of the indemnitor to the person injured". In that case, the United States was found to be the primary wrongdoer in an air accident between a United Air Lines passenger plane and a U. S. Air Force trainer plane. Indemnity against the United States was granted as to judgments paid to United passengers who were not Government employees, but indemnity was denied as to United passengers who were Government employees, on the grounds, as stated above, that indemnity could not be awarded where there was no liability on the United States (indemnitor) to employees of the United States because of Federal Employees' Compensation Act, 5 U.S.C. 751 et seq.

The plaintiff argues that some questions have arisen as to whether the United States Supreme Court has indicated a softening of this position under the two cases of Weyerhaeuser S. S. Co. v. United States, 372 U.S. 597, 83 S.Ct. 926, 10 L.Ed.2d 1 (1963) and Drake v. Treadwell Construction Co., 299 F.2d 789 (3rd Cir. 1962).

Both of these cases are discussed in the opinion in United Air Lines, Inc. v. Wiener, supra, beginning at page 402 of 335 F.2d. There the Court pointed out, as to Weyerhaeuser,

"* * * The admiralty rule of divided damages urged upon us by United since under admiralty law there arises from a collision involving mutual fault the right to apportionment of all damages resulting there-

from * * *. The divided damage rule is based upon the duty which each shipowner owes the other to navigate safely irrespective of any duty to the person injured. On the other hand neither contribution nor indemnity may be awarded without the support of liability on the part of the indemnitor to the person injured. The Courts have consistently held that in the absence of an express or implied contract of indemnity, or in the absence of the indemnitor's liability to the injured party, there can be no recovery for indemnity". (Citing many cases).

We further agree with the opinion in United Air Lines v. Wiener, supra, at page 404, that the remand of Treadwell Construction Co. v. United States,[1] (Drake v. Treadwell, etc., supra), did not amount to a rejection of the well settled proposition that there being no underlying liability on the part of the United States, the indemnitee had no claim against the United States as indemnitor.

The same position here urged by the plaintiff—i. e., that *Weyerhaeuser* and *Treadwell*, represent a change in the well established principles which would exclude the Government as indemnitor— were thus rejected in United Air Lines v. Wiener, supra.

The same position here urged by the plaintiff, rejected in United Air Lines v. Wiener, was urged again to the United States Court of Appeals for the Ninth Circuit in Wien Alaska Airlines, Inc. v. United States, 375 F.2d 736, (9th Cir. 1967), and was rejected again on a motion for summary judgment.

The same position here urged by the plaintiff, now twice rejected, was pressed a third time in Wien Alaska Airlines, Inc. v. United States, in a petition for certiorari to the United States Supreme Court in the October Term, 1967, and

1. On remand to United States District Court for the Western District of Pennsylvania, this case was settled before an appeal was perfected under a stipulation dated September 13, 1963, which specified that it did not constitute an admission of liability on the part of the United States.

was rejected a third time when certiorari was denied, 389 U.S. 940, 88 S.Ct. 288, 19 L.Ed.2d 291 (November 6, 1967).

The claim for non-contractual tort indemnity against the United States cannot be maintained where there is no tort liability on the part of the United States to the person injured.

The motion for summary judgment will be affirmed upon presentation of a proper order in accord with this memorandum.