Robert J. SCHWARTZ, Plaintiff,

v.

COMPAGNIE GENERAL TRANSATLANTIQUE, Defendant and Third-Party Plaintiff,

v.

UNITED STATES of America, Department of Justice, Bureau of Immigration and Naturalization Service, Third-Party Defendant.

No. 65 Civ. 3409.

United States District Court
S. D. New York.

May 7, 1968.

Koenigsberg, Norman & Drangel, New York City, for plaintiff.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, for defendant and third-party plaintiff, Thomas H. Healey and Robert S. Blanc, Jr., New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, for third-party defendant, Louis E. Greco and Peter Martin Klein, New York City, of counsel.

METZNER, District Judge.

The United States, third-party defendant, moves pursuant to rule 56 of the Federal Rules of Civil Procedure for summary judgment dismissing the third-party complaint of the defendant, Compagnie General Transatlantique.

Plaintiff is an immigrant inspector employed by the Immigration and Naturalization Service. On October 28, 1964 he was aboard defendant's liner, the S.S. France, clearing passengers for admission into the United States. He claims that he tripped and fell on carpeting maintained by defendant in a dangerous condition. The defendant and the United States have stipulated that the third-party complaint seeks recovery "solely upon an implied contract of workmanlike performance arising out of the status existing" between them on the day the accident happened.

■ Defendant's claim over against the United States is predicated on the well-established doctrine that a shipowner may claim over against a stevedoring contractor when an employee of the latter sues the shipowner for injuries sustained due to the alleged negligence of the shipowner. Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). Such an action is based solely on the contractual obligation existing between the contractor and the shipowner

to perform its work in a reasonably safe manner. It is not founded on tort. It cannot be defeated by the third party's claim that its liability to an employee is governed solely by workmen's compensation. Weyerhaeuser S.S. Co. v. United States, 372 U.S. 597, 83 S.Ct. 926, 10 L.Ed.2d 1 (1963).

The flaw in the shipowner's argument here is that there was no contractual relationship between it and the United States as existed in Ryan, supra, or Mortensen v. A/S Glittre, 348 F.2d 383, 385 (2d Cir. 1965) (marine painter); Booth S.S. Co. v. Meier & Oelhaf Co., 262 F.2d 310, 313 (2d Cir. 1958) (engine repairer); Smith v. Brown & Root Marine Operators, Inc., 243 F.Supp. 130, 136 (W.D.La.1965), aff'd, 376 F.2d 852 (5th Cir. 1967) (marine diver); Horton v. Moore-McCormack Lines, Inc., 326 F.2d 104, 107 (2d Cir. 1964) (assaulting seaman). In these cases the warranty is established because the services to be rendered pursuant to the contract are for the benefit of the vessel. See Crumady v. The Joachim Hendrik Fisser, 358 U.S. 423, 428, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959).

■ The plaintiff here was on board the vessel pursuant to the statutory duty to clear aliens and crewmen for entry to this country. The statute permits him to board the vessel without a warrant within the territorial waters of the United States. 8 U.S.C. § 1357. No contract existed between the parties and no warranty can be implied from the status existing between them. Since the claim for indemnity cannot be based on a duty owed by the Government to defendant, and there is no underlying tort liability on the part of the Government to its employee, the claim over must be dismissed. United Air Lines, Inc. v. Wiener, 335 F.2d 379, 403 (9th Cir.), pet. for cert. dismissed, 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549 (1964).

Motion granted. So ordered.