Victor B. **PANICO**, Plaintiff,

v.

**WHITING MILK COMPANY et al.,**
**Defendants, Third-party Plaintiffs,**

v.

**UNITED STATES of America,**
**Third-party Defendant.**

**Civ. A. No. 71–1272.**

United States District Court,
D. Massachusetts.

Dec. 27, 1971.

William E. Ginsburg, Edward M. Ginsburg, Boston, Mass., for plaintiff.

Robert L. Farrell, Parker, Coulter, Daley & White, Boston, Mass., for defendant.

Asst. U. S. Atty. Thomas O'Connor, Boston, Mass., third party defendant United States.

## MEMORANDUM OF DECISION

GARRITY, District Judge.

This case arises from an automobile accident on August 11, 1967 in Charlestown, Massachusetts, involving two mail trucks and a milk truck owned by the Whiting Milk Company and operated by its driver Donovan. In the course of his employment as a postal employee, plaintiff Panico was operating a mail truck in a northerly direction and collided head-on with another mail truck operated by defendant Young, who was also transporting mail as a postal employee.

The milk truck was trailing the vehicle being operated by plaintiff Panico and either crashed into the rear of the Panico vehicle, after the Panico vehicle had come to a stop having collided with the other mail truck, or the Panico vehicle was thrown into contact with the milk truck by the force of the primary collision with the other mail truck, which was being operated on the wrong side of the road.

Plaintiff filed a claim for compensation under the Federal Employees Compensation Act, 5 U.S.C. § 8101 ff., and was awarded lost pay and medical costs.[1] On January 2, 1969 plaintiff sued the owner and operator of the milk truck in the Superior Court for Suffolk County, Massachusetts.[2] By motion filed January 13, 1971 and allowed on January 20, the milk company and driver were granted leave to implead defendant Young pursuant to Mass.G.L. c. 231, § 4B, and a third-party declaration in four counts against defendant Young was filed on May 3, 1971; count 1 on behalf of Whiting Milk Company seeks indemnity and count 2 contribution and similar counts 3 and 4 are asserted on behalf of Donovan. On May 24, 1971 the United States Attorney filed a petition for removal in this court pursuant to 28 U.S.C. § 2679(d), accompanied by a certification that at the time of the accident Young was acting within the scope of his employment by the United States. On June 27, 1971 the government filed motions to substitute the United States as the third-party defendant and to dismiss the third-party claims on the ground that they fail to state causes of action on which relief can be granted. Memoranda of law have been filed by the parties.

Upon consideration of the pleadings and memoranda, the court grants the

1. This appears in affidavits filed in Civil Action No. 69–596–M, a closed case in this court, of whose pleadings the court takes judicial notice. On June 4, 1969 plaintiff brought suit against the United States in this court but it was dismissed on October 30, 1969 on motion of the government because of plaintiff's having received compensation under the FECA.

2. Plaintiff's statement, in accordance with Superior Court Rule 33A, includes as special damages loss of wages and a medical bill, both presumably paid under the FECA.

government's motion to dismiss the third party action and orders that the main action be remanded to the Superior Court for Suffolk County, Massachusetts.

■■ There are two grounds for the court's order of dismissal of the third-party action. The first is that allowance of the third-party claim would avoid the exclusiveness of plaintiff Panico's remedy under § 7(b) of the Federal Employees Compensation Act, 5 U.S.C. § 8116(c). This is a question as to which there has been a conflict of authority among the Courts of Appeals for various circuits. See, e. g., United Air Lines, Inc. v. Wiener, 9 Cir., 1964, 335 F.2d 379, 402–404, and Wallenius Bremen G. m.b.H. v. United States, 4 Cir., 1969, 409 F.2d 994, Murray v. United States, 1968, 132 U.S.App.D.C. 91, 405 F.2d 1361. There appears to be little dispute that the government is not liable for contribution because payment of compensation benefits to a federal employee extinguishes the government's liability to him; and accordingly the motion to dismiss is allowed without further discussion as to counts 2 and 4. The division of authority relates to the third-party plaintiffs' claims under counts 1 and 3 for indemnity. We believe that the decisions of the Court of Appeals for the Ninth Circuit, in United Air Lines, Inc. v. Wiener, *supra*, and Wien Alaska Airlines, Inc. v. United States, 9 Cir., 1967, 375 F.2d 736, state the better rule.

The Supreme Court decisions on which the third-party plaintiffs rely, Weyerhaeuser S.S. Co. v. United States, 1963, 372 U.S. 597, 83 S.Ct. 926, 10 L. Ed.2d 1, and Treadwell Const. Co. v. United States, 1963, 372 U.S. 772, 83 S. Ct. 1102, 10 L.Ed.2d 136, reversing Drake v. Treadwell Const. Co., 3 Cir., 1962, 299 F.2d 789, are distinguishable. Both cases involved tortfeasors who were related to each other independently of the accident causing personal injuries, in the *Weyerhaeuser* case by the historic admiralty rule of divided damages and in the *Treadwell* case by the contract between the company and the United States for the manufacture of a steel expansion tank. We rely upon the distinction made by Hand, J., in Slattery v. Marra Bros., 2 Cir., 1951, 186 F.2d 134, 138–139, "between an indemnity claim based merely on differences in degree of fault between joint tortfeasors having no other connection with each other, which would be barred by the exclusivity provisions, and an indemnity claim based on their legal relationship —arising out of facts and circumstances other than their linkage with the same victim and establishing an independent duty based in contract or possibly in tort," commented upon in Murray v. United States, *supra*, 405 F.2d at 1367.

■ The second ground for the court's dismissal of the third-party claims for indemnity is that the law of Massachusetts appears to provide no right of indemnity for a third-party plaintiff whose liability to the principal plaintiff, if any, must flow from the third-party plaintiff's negligent operation of an automobile. Generally, indemnity, which shifts the entire loss including attorney's fees from the third-party plaintiff (the main party defendant) to the third-party defendant, is available only to a party free of fault. Westfield v. Mayo, 1877, 122 Mass. 100. However, where a tortfeasor has been held liable on account of his passive fault, as in the case of the owner of a building whose chimney was rendered unsafe by a wire affixed by a gas company without his consent, Gray v. Boston Gas Light Co., 1873, 114 Mass. 149, 153–155, or a landowner whose sidewalk bulkhead was negligently opened by an independent contractor, Hollywood Barbecue Co., Inc. v. Morse, 1943, 314 Mass. 368, 50 N.E.2d 55, indemnity has been allowed. The exception supported by the Massachusetts cases appears to be narrower than that discussed in Wallenius Bremen G.m.b.H. v. United States, *supra*, 409 F.2d at 998, and in Prosser, Torts, § 48, pp. 280–281 (3rd ed. 1964). Our research has failed to locate any Massachusetts decision granting indemnity to the negligent operator of a motor

318

vehicle. Indemnity in such a case would seem inconsistent with the rationale of the exception to the general rule. Cf. Boott Mills v. Boston & Maine Railroad, 1914, 218 Mass. 582, 592, 106 N.E. 680.

True, the third-party declaration in this case alleges that the milk truck owner and operator were free of negligence and that the mail truck being operated by plaintiff Panico was thrown into the path of and against the milk truck by the mail truck being negligently operated by third-party defendant Young. However, if this version of the facts is found in the main action, Whiting Milk Company and its driver Donovan will be held not liable and there will be no occasion to assert an indemnity claim. Only if the milk company and its driver are found to have been negligent would the indemnity issue arise and the type of negligence which would have to be attributed to them before liability attached is, in our view, not of a character such as would in law sustain an indemnity claim.

Inasmuch as a remedy by suit within the meaning of 28 U.S.C. § 2679(b) is not available against the United States, the main action is ordered remanded to the Superior Court for Suffolk County, pursuant to § 2679(d).