Salvatore A. GALIMI, Plaintiff,

v.

JETCO, INC., Defendant-Appellant,

and

Richard Moore, Defendant.

JETCO, INC., Third-Party Plaintiff-Appellant,

v.

James HODGES, Third-Party Defendant,

and

United States of America, Third-Party Defendant-Appellee.

No. 601, Docket 74–2425.

United States Court of Appeals, Second Circuit.

Argued Jan. 31, 1975.

Decided March 31, 1975.

---

Lester E. Fetell, Brooklyn, N. Y. (John J. Langan and Sergi & Fetell, Brooklyn, N. Y., of counsel), for third-party plaintiff-appellant.

Douglas J. Kramer, Asst. U. S. Atty., E. D. N. Y. (David G. Trager, U. S. Atty., and Paul B. Bergman, Asst. U. S. Atty., E. D. N. Y., of counsel), for third-party defendant-appellee.

Before MEDINA, OAKES and GURFEIN, Circuit Judges.

GURFEIN, Circuit Judge:

This case presents one of those recurring puzzling situations where a federal statute has met differing interpretations in several circuits on a question that requires legislative resolution but which the Congress has, nevertheless, not yet

addressed. The statute involved is Section 7(b) of the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8116(c), the so-called exclusive remedy provision. The issue is whether it cuts off a claim for contribution against the United States by a defendant sued by a government employee, when the defendant asserts that any actionable negligence was the product of joint conduct by itself and the United States.

Appellant Jetco had contracted with the United States to transport buoys from Governor's Island to Burlington, Vermont. Plaintiff Galimi, a civilian employee of the Coast Guard, was injured on September 18, 1972, while loading the buoys onto the truck leased by Jetco.[1] As a government employee, he applied for and received disability compensation and medical expenses under the FECA, 5 U.S.C. § 8101 et seq. He also sued Jetco and Jetco's driver, Moore, in a diversity action for personal injury caused by defendant's negligence. Jetco in turn filed a third-party complaint against appellee, the United States, alleging that plaintiff Galimi's injury had been caused by the negligence of government employees, including Galimi himself, and seeking contribution or indemnification from the United States should Galimi recover from Jetco.

Upon the government's motion under Fed.R.Civ.P. 12(b)(1) and 12(b)(6), the District Court, Judge Orrin G. Judd, dismissed Jetco's third-party complaint on the ground that the exclusive remedy provision of the FECA precluded Jetco's suit for contribution. He also held that the District Court had no jurisdiction, under the Tucker Act, 28 U.S.C. § 1346(a)(2), over Jetco's suit for contract indemnification unless Jetco was

willing to waive any claim in excess of $10,000. Jetco appeals only from that portion of the court's order holding its claim for contribution barred by the FECA.[2]

In arguing for reversal, Jetco points out that (1) the United States has waived its immunity from tort liability in the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674, which provides that the federal government "shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances;" (2) this waiver allows third-party actions for contribution against the United States, United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951); and (3) the Tucker Act provides that in tort cases against the United States, the jurisdiction of the district court is exclusive "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b). Section 1346(b) has been held to mean that the law applied to a tort claim against the United States is that of the place where the relevant acts took place. United States v. Ridolfi, 318 F.2d 467, 470 (2 Cir. 1963).

Jetco thus contends that New York law governs the issue of contribution and that under the doctrine of Dole v. Dow Chemical Co., 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 (1972), a joint tort-feasor may recover contribution from an employer even where the plaintiff employee is covered by Workmen's Compensation.[3] Jetco also argues that the FECA exclusive remedy provision does not bar its claim against the United States.

1. Jetco has also filed a third-party complaint against James Hodges, from whom it leased the truck.

2. Under 28 U.S.C. § 1346(a)(2), Jetco can bring its contract indemnification action in the Court of Claims, without limitation as to jurisdictional amount.

3. Since Judge Judd's opinion below, a panel of this court affirmed without opinion a case on

which Judge Judd relied, Sheridan v. DiGiorgio, 372 F.Supp. 1373 (E.D.N.Y.), aff'd, 505 F.2d 727 (2 Cir. 1974), cert. denied sub nom. DiGiorgio v. United States, —— U.S. ——, 95 S.Ct. 1424, 43 L.Ed.2d 671, 1975). While the accident in *Sheridan* occurred before the seminal ruling of the New York Court of Appeals in Dole v. Dow Chemical Corp., *supra*, the accident in the instant case occurred after the *Dole* decision. We thus think it proper to consider appellant's contentions in a full opinion.

The FECA provision, 5 U.S.C. § 8116(c), states:

"The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, *and any other persons otherwise entitled to recover damages* from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute." (Emphasis added.)

The United States argues that this section eliminates its underlying tort liability to its employees in exchange for providing them with certain benefits in case of injury. It contends that, as a result, the United States cannot be impleaded as a joint tortfeasor by defendant-third-party plaintiffs such as Jetco, since it no longer has any underlying tort liability at all to its plaintiff-employees.

The district court accepted the government's argument. We affirm.

■ The issue raised by the alleged conflict between the statutory exclusive remedy provisions embodied in most workmen's compensation laws and the doctrines governing third-party suits for contribution or indemnification in personal injury actions is neither new nor limited to the federal sphere. See, e. g., Westchester Lighting Co. v. Westchester County Small Estates Corp., 278 N.Y. 175, 15 N.E.2d 567 (1938). It presents what one author has called "[p]erhaps the most evenly balanced controversy in all of workmen's compensation law." Larson, Workmen's Compensation: Third Party's Action Over Against Employer, 65 Nw.U.L.Rev. 351 (1970). On the one hand, workmen's compensation laws are designed to assure employees that they will receive disability and medical benefits in case of injury. In return, the employer is assured of a fixed liability which is predictable enough so that he may insure against his probable costs. Litigation is avoided, further lowering the price of accidents to the parties and to society. On the other hand, policies underlying doctrines of contribution or tort indemnification are designed to allocate the costs of negligence equitably among joint tortfeasors or to the party primarily responsible. When an employee covered by workmen's compensation sues in negligence a third party who then impleads the employer, there is no way fully to satisfy all policies coming into play.

■ When the employee works for the United States, the issue is further complicated by the fact that the federal government's liability in tort is a statutory creation, an exception to the general rule that the sovereign is immune from suit. Although the FTCA incorporates the states' common law rules of negligence, 28 U.S.C. § 2674, it also provides for exceptions to those rules, id.; 28 U.S.C. § 2680(a); see, e. g., Hendry v. United States, 418 F.2d 774, 783 (2 Cir. 1969). Congress retains the power to modify the FTCA by means of other statutes. Whether it has done so in the manner asserted by the United States in this case is a question of federal law, separate and prior to the question of employer's liability under state law. Travelers Insurance Co. v. United States, 493 F.2d 881, 883 (3 Cir. 1974).

■ Although the FECA itself was first passed in 1916, the exclusive remedy provision at issue here was added in 1949 to solve problems created by the passage of legislation such as the FTCA itself, the Public Vessels Act, and the Suits in Admiralty Act in each of which the United States had waived its immunity to various sorts of damage actions. Federal employees had been by-passing the remedies provided by the FECA in order to sue for more substantial recoveries permitted by those acts. The legislative history of the 1949 amendments to the FECA clearly indicates Congress' in-

tent to provide adequate, fixed recoveries to its employees in exchange for their surrender of causes of action under any other statutes. The legislators were concerned with limiting the costs to government of litigating suits and paying substantial damages to its injured employees. S.Rep.No.836, 81st Cong., 1st Sess. 23, 30 (1949); H.Rep.No.729, 81st Cong., 1st Sess. 14, 15 (1949).[4]

Congress did not make clear, however, whether it also intended to bar suits for contribution or indemnity against the United States by joint tortfeasors.

■ The exclusive remedy provision of the FECA makes the compensation remedy exclusive for the injured employee, his next of kin and "any other persons otherwise entitled to recover damages from the United States . . . because of the injury or death." This can be read, under the rule of ejusdem generis as including only persons related to the injured person or who claim through him. Wallenius Bremen G.m.b.H. v. United States, 409 F.2d 994, 995 (4 Cir. 1969), cert. denied, 398 U.S. 958, 90 S.Ct. 2164, 26 L.Ed.2d 542 (1970);[5] or it can be read literally as including all persons whether or not related to or claiming through the injured employee. Drake v. Treadwell Construction Co., 299 F.2d 789, 790–91 (3 Cir. 1962), vacated and remanded sub nom. Treadwell Construction Co. v. United States, 372 U.S. 772, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963).

A slightly different approach is to consider the effect of the provision as a whole, rather than the specific language just noted. Under this view, the remedy section, by restricting the employee to a single means of recovering from his employer, has erased all other liability of the employer to the employee for injuries covered by the statute as a whole. The employer can, under this view, no longer be held jointly liable as a tortfeasor. E. g., United Air Lines Inc. v. Wiener, 335 F.2d 379, 402–03 (9 Cir.), cert. denied sub nom. United Air Lines Inc. v. United States, 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549 (1964); see Slattery v. Marra Bros., 186 F.2d 134, 139 (2 Cir. 1951) (L. Hand, J.).

A plurality of the Courts of Appeals has concluded that a third-party claim for contribution or tort indemnity against the United States does not lie, either because of the language of the exclusive remedy provision or because of the extinguishment of the government's underlying tort liability to its employees. This result is reached despite the rule of United States v. Yellow Cab Co., supra, that contribution claims against the United States are allowed under the FTCA. Travelers Insurance Co. v. United States, 493 F.2d 881 (3 Cir. 1974); Newport Air Park, Inc. v. United States, 419 F.2d 342 (1 Cir. 1969); Murray v. United States, 132 U.S.App.D.C. 91, 405 F.2d 1361 (1968); United Air Lines Inc. v. Wiener, supra; contra, Wallenius Bremen G.m.b.H. v. United States, supra. See Sheridan v. DiGiorgio, 372 F.Supp. 1373 (E.D.N.Y.), aff'd without opinion, 505 F.2d 727 (2 Cir. 1974), cert. denied sub nom. DiGiorgio v. United States, —— U.S. ——, 95 S.Ct. 1424, 43 L.Ed.2d 671 1975); Schwartz v. Compagnie General Transatlantique, 405 F.2d 270 (2 Cir. 1968).[6]

---

**4.** Congressional concern with limiting the government's liability is also reflected in other provisions, encouraging employees who have received benefits under the Act to sue third parties who may be liable to them in negligence and subrogating the United States to its employee's claims if the employee fails to sue. 5 U.S.C. § 8131. If the employee recovers from a third party, he must return any benefits received under the FECA to the Employee's Compensation Fund, 5 U.S.C. § 8132.

**5.** At the time of the Wallenius Bremen decision, the wording of the crucial passage in section 8116(c) was slightly different, although

not so different as to make inapposite here the ejusdem generis analysis applied by the Fourth Circuit. The passage read: "anyone otherwise entitled to recover damages from the United States or such instrumentality, on account of such injury." See 5 U.S.C. § 757(b) (1964), revised and recodified as 5 U.S.C. § 8116(c) in Pub.L.No. 89-554, Sept. 6, 1966, 80 Stat. 378, 542.

**6.** In Schwartz, supra, this court affirmed, but without mention of the FECA exclusive remedy provision, the district court's dismissal on summary judgment of a third-party action seeking indemnity from the United States.

Appellant Jetco relies on dicta in several cases in the Supreme Court to support its view that the language of the exclusive remedy provision does not embrace a claim for contribution against the United States by a joint tortfeasor *unrelated* to the injured employee. Weyerhaeuser S. S. Co. v. United States, 372 U.S. 597, 83 S.Ct. 926, 10 L.Ed.2d 1 (1963); Treadwell Construction Co. v. United States, 372 U.S. 772, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963); Ryan v. Pan-Atlantic Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). It is necessary to advert briefly to some earlier history to assess the impact of these cases.

In Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318 (1952) the Court held that there is no right of contribution between joint tortfeasors in non-collision maritime cases. The ground of decision did not appear to rest on linguistic analysis of the exclusive remedy section of the Longshoremen's and Harbor Workers' Compensation Act, which was at that time almost identical to the FECA provision,[7] or on a theoretical analysis of whether a compensation act employer retains tort liability to his employee, but rather on the theory that creation of a right to contribution among joint tortfeasors is a legislative rather than a judicial matter.

In Ryan Co. v. Pan-Atlantic Corp., *supra*, the shipowner's third-party claim against a stevedore to recover damages paid for injury to the stevedore's employee did not seek contribution, but contractual indemnity. The court sustained recovery upon the ground that the shipowner's claim over did not sound in tort or on any duty the stevedore owed to its employee, but on the independent contractual obligation owed by the stevedore to the shipowner. Although the exclusive remedy provision of the Long-

shoremen's and Harbor Worker's Compensation Act was therefore not applicable, the court discussed the provision at some length. It construed the words "anyone otherwise entitled to recover damages from such employer" to mean "anyone claiming *under or through* such employee" (emphasis added) and further referred to the longshoremen's "kin" as if that group were the only persons included in "anyone." 350 U.S. at 129–30, 76 S.Ct. 232. *Halcyon* was distinguished on the ground that it had involved a claim for contribution, while *Ryan* concerned contractual indemnity. Id. at 133, 76 S.Ct. 232.

In *Weyerhaeuser, supra,* the mutual fault of the United States and a shipowner resulted in a collision at sea, with the admiralty rule of divided damages governing the allocation of losses. A government employee injured in the collision sued the private shipowner, who listed the recovery it paid to the employee as part of the damages to be shared. The United States contended that the FECA exclusive remedy provision meant that it should not have to pay any portion of the damages paid by the shipowner to the employee. The court held that the FECA provision did not bar application of the divided damages rule to the claim.

The court treated the admiralty collision rule as similar to the contractual indemnity principles in *Ryan*, since it "governed with at least equal clarity the correlative rights and duties" of the private shipowner and the United States. 372 U.S. at 603, 83 S.Ct. 926. And, as in *Ryan*, the court discussed the FECA exclusive remedy provision in dictum, stating that "there is no evidence whatever that Congress was concerned with the rights of *unrelated* third parties" in passing the section. Id. at 601, 83 S.Ct. at 929 (emphasis supplied).

---

7. The provision, 33 U.S.C. § 905, read, in relevant part:

"The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, depend-

ents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death . . .."

It was amended by Congress in 1972. See 33 U.S.C. § 905(b) (Supp.1975).

During the same term, the Supreme Court vacated and remanded to the district court for reconsideration in light of *Weyerhaeuser* a Third Circuit decision involving a claim much more similar than *Weyerhaeuser* to the claim before us here. Treadwell Construction Co. v. United States, *supra*. The Third Circuit, considering a claim for contribution in a non-admiralty context, had held that the exclusive remedy section "withdraws whatever consent the Tort Claims Act, considered alone, would otherwise give to the imposition of tort liability upon the United States on account of the injury of an employee covered by the Compensation Act, whether the claim is asserted in the interest of the injured employee or anyone else. Contribution required of a joint tort-feasor toward the satisfaction of a covered government employee's judgment in tort seems as *clearly within the language of Section [8116(c)]* as is total direct liability to the injured employee." Drake v. Treadwell Construction Co., 299 F.2d 789, 790–91 (3 Cir. 1962) (emphasis supplied).

The cryptic remand in *Treadwell* has made it something like the Delphic Oracle. No court has satisfactorily explained it.

We emerge from the thicket without any clear sense of direction. At one time, as we have seen, dicta from the Supreme Court seemed to imply that the exclusive remedy provisions of the several federal compensation statutes do not bar suits for contribution against the United States. But the Supreme Court has never so held and the weight of opinion in the Circuit Courts since *Weyerhaeuser* and the *Treadwell* remand points in the opposite direction. Most recently, the Supreme Court has substituted for the old dicta a new dictum that seems to carry us toward our decision.

In Cooper Stevedoring Co., Inc. v. Kopke, Inc., 417 U.S. 106, 94 S.Ct. 2174, 40 L.Ed.2d 694 (1974) a longshoreman sued the vessel he had been loading when injured, which in turn sued the stevedore that had negligently loaded cargo at an earlier port. The plaintiff was not an employee of the negligent stevedore, nor was he a government employee.

The court was squarely confronted with its decision in *Halcyon, supra,* for the stevedore contended that *Halcyon* had simply held that contribution could not be awarded in a non-collision maritime case. See also Atlantic Coast Line R. Co. v. Erie Lackawanna R. Co., 406 U.S. 340, 92 S.Ct. 1550, 32 L.Ed.2d 110 (1972).

Mr. Justice Marshall for a unanimous court[8] distinguished *Halcyon* on the ground that contribution is allowed, as it had been in Horton & Horton, Inc. v. T/S J. E. Dyer, 428 F.2d 1131 (5 Cir. 1970), cert. denied, 400 U.S. 993, 91 S.Ct. 461, 27 L.Ed.2d 441 (1971); Watz v. Zapata Off-Shore Co., 431 F.2d 100 (5 Cir. 1970); In re Seaboard Shipping Corp., 449 F.2d 132 (2 Cir. 1971), cert. denied, 406 U.S. 949, 92 S.Ct. 2038, 32 L.Ed.2d 337 (1972), "in situations where the party against whom contribution [is] sought [is] not entitled to the limitation of liability protections of the Harbor Workers' Act." 417 U.S. at 114, 94 S.Ct. at 2178.

Further, in commenting on the *Atlantic Coast* case *supra*, the court said:

"Erie, against whom contribution was sought, was the plaintiff's employer, and in Pennsylvania R. Co. v. O'Rourke, 344 U.S. 334, 73 S.Ct. 302, 97 L.Ed. 367 (1953), we recognized that a railroad employee injured while working on a freight car situated on a carfloat in navigable waters was subject exclusively to the Harbor Workers' Act. Erie was therefore entitled to the limitation of liability protections of the Harbor Workers' Act, *just like the employer in* Halcyon. . . . [E]ven if Erie were negligent, its injured employee was entitled to claim compensation from it under the Harbor Workers' Act, and Erie was *accordingly* entitled to the protective mantle of the Act's limitation of liabil-

---

**8.** Mr. Justice Stewart did not participate.

ity provisions". 417 U.S. at 114–15, 94 S.Ct. at 2179. (Emphasis supplied.)

Implicit in this passage is the judgment that exclusive remedy provisions such as that in the original Longshoreman's and Harbor Workers' Act and the one before this court shield an employer from a third-party suit for contribution. It thus appears that the analysis applied by the majority of circuits which have considered the question would most probably be adopted by the Supreme Court were the issue presented directly to it. Accepting that view of applicable federal law, we hold Jetco's third-party action barred by the FECA provision, 5 U.S.C. § 8116(c) and do not reach the question of state law under *Dole*.

We accordingly affirm.