WIEN ALASKA AIRLINES, INC.,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21004.

United States Court of Appeals
Ninth Circuit.

April 6, 1967.

Rehearing Denied May 18, 1967.

Phillip D. Bostwick, Shaw, Pittman, Potts, Trowbridge & Madden, Washington, D. C., James J. Delaney, Jr., Delaney, Wiles, Moore & Hayes, Anchorage, Alaska, for appellant.

Richard L. McVeigh, U. S. Atty., Marvin S. Frankel, Asst. U. S. Atty., Anchorage, Alaska, for appellee.

Before JERTBERG and MERRILL, Circuit Judges, and MATHES, District Judge.

JERTBERG, Circuit Judge:

The issue of law involved in this appeal is whether Section 7(b) of the Federal Employees' Compensation Act [5 U.S.C. § 757(b)],[1] bars a third-party claim for non-contractual indemnity in an action where plaintiff is an F.E.C.A. beneficiary.

The facts are not in dispute. One Backlund, an employee of the Federal Aviation Agency, while in performance of his duties, was killed when an aircraft owned and operated by appellant and in which Backlund was a passenger, crashed. Backlund's widow, suing as administra-

---

1. Sec. 7(b) of the Federal Employees' Compensation Act [5 U.S.C. § 757(b)]:

"The liability of the United States or any of its instrumentalities under sections 751–756, 757–791, and 793 of this title or any extension thereof with respect to the injury or death of an employee shall be exclusive, and in place, of all other liability of the United States or such instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and anyone otherwise entitled to recover damages from the United States or such instrumentality, on account of such injury or death, in any direct judicial proceedings in a civil action or in admiralty, or by proceedings, whether administrative or judicial, under any other workmen's compensation law or under any Federal tort liability statute: *Provided, however*, That this subsection shall not apply to a master or a member of the crew of any vessel."

trix of his estate on behalf of herself and the surviving children, brought a wrongful death action in the state court in the State of Alaska, alleging Backlund's death was due to appellant's negligent operation, maintenance and control of the aircraft.

Appellant impleaded the Federal Aviation Agency employee, one Narcisso, who had been on duty on the day of the crash. The third party complaint alleged that the crash had been caused by Narcisso's negligent performance of his duties as an Air Traffic Control Specialist, and sought full indemnity in the event Wien was held liable to the administratrix of Backlund's estate. Appellant asked for full indemnity from Narcisso in the event it was held liable to the estate.

The cause was removed to the United States District Court for the District of Alaska. Appellant amended its third-party complaint in Federal Court to add Narcisso's employer, the United States, as a third-party defendant.

The United States filed a motion for summary judgment and attached to it certain exhibits which showed that Backlund had been an employee of the Federal Aviation Agency at the time of his death and that the Federal Bureau of Employees' Compensation had ruled that he was in the performance of his duties when killed, and that an award had been entered under which Mrs. Backlund was receiving monthly payments of $525.00 for herself and her children.

On the basis of these facts, which were not disputed by appellant, the Government contended that since Sec. 7(b) of the Federal Employees' Compensation Act barred any tort claim by Backlund's widow against the United States, the United States could not be liable to appellant for all or part of the administratrix' claim against appellant.

On hearing of the motion for summary judgment, the District Court granted the motion and dismissed with prejudice the amended third-party complaint filed by appellant. In so doing the District Court relied upon the holding of this Court in

United Air Lines, Inc. v. Wiener, 335 F.2d 379 (9th Cir. 1964).

In *Wiener,* which appellant does not seek to distinguish from the case before us, we held, in substance, that a claim for noncontractual tort indemnity can be maintained only where there is tort liability on the part of the indemnitor to the person injured. See *Wiener,* supra, pp. 403–404.

In the instant case, under the provisions of Sec. 7(b) the United States is not liable in tort to the legal representatives, spouse, dependents, or next-of-kin of Backlund for damages on account of his death.

The judgment appealed from is affirmed on the authority of *Wiener,* supra.