**WALLENIUS BREMEN G. m. b. H.,** Owner of the M/V MARTHA, Appellant,

v.

**UNITED STATES of America,** Appellee.

No. 12353.

United States Court of Appeals Fourth Circuit.

Argued Oct. 30, 1968.

Decided April 25, 1969.

Bernard G. Barrow, Norfolk, Va. (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for appellant.

Morton Hollander, Atty., Dept. of Justice (Edwin L. Weisl, Jr., Asst. Atty. Gen., Alan S. Rosenthal and Walter H. Fleischer, Attys., Dept. of Justice, and Claude V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before CRAVEN and BUTZNER, Circuit Judges, and McMILLAN, District Judge.

CRAVEN, Circuit Judge:

The single question presented on appeal is whether the exclusive remedy pro-

vision of the Federal Employees' Compensation Act bars the claim of a third party for indemnity against the federal government for damages paid an injured government employee. We think it does not and, accordingly, reverse the entry of summary judgment in favor of the United States.

After inspecting agricultural products aboard the M/V MARTHA, a ship owned by Wallenius Bremen,[1] United States Department of Agriculture inspector Mitchell fell off an accommodation ladder between the ship and the dock. He was severely injured when he struck a wooden fender. On January 7, 1966, the inspector filed a libel against Bremen and the MARTHA, seeking damages for his personal injuries allegedly resulting from Bremen's negligence. Bremen settled his suit for $110,000, and then brought suit against the United States, under the Federal Tort Claims Act[2] and the Suits in Admiralty Act,[3] seeking indemnity for the amount paid the inspector in settlement, plus attorney's fees and expenses. The theory of Bremen's suit, the merits of which, if any, we do not reach, was that the inspector's physical condition was such, and was known or should have been known by the United States to be such, that he could not perform his duties with safety to himself and others, and that his physical infirmities had caused or contributed to his fall. Such allegations, fleshed out in the complaint, presented a three-pronged theory of recovery. Conceivably Bremen might be entitled to recover on either (1) a strict tort indemnity theory, or because of (2) implied warranty or contract of indemnity said to arise from the conduct of the United States in requiring the ship to submit to agricultural inspection. It was also contended that Bremen was entitled to recover on (3) an independent tort theory based upon an alleged breach of a duty of care not to Inspector Mitchell but to the ship.

The motion of the United States for summary judgment was granted by the district court on the sole ground that suit by the inspector against the United States was barred by the Federal Employees' Compensation Act (5 U.S.C. §§ 751 et seq., now §§ 8102(a) et seq. (1964)). The district judge reasoned that Bremen could not be awarded indemnity without supporting liability on the part of the indemnitor (the United States) to the person injured, and that there could be none because of the statute.

In pertinent part, the statute provides that "[t]he liability of the United States or any of its instrumentalities * * * with respect to the injury or death of an employee shall be exclusive, and in place, of all other liability of the United States or such instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and anyone otherwise entitled to recover damages from the United States or such instrumentality, on account of such injury or death * *." § 757(b) (now § 8116(c)).

The listing of those excluded from other remedies is the employee, his legal representative, spouse, dependents, next of kin, and finally, the catch-all category "anyone otherwise entitled" which, we think, relates back to previous nouns. All are connected to and closely related to the government employee. The catch-all category simply expresses congressional caution, typical in the drafting of statutes, to exclude all deriving their claims from a personal relationship to the government employee. Ejusdem generis would, for example, perhaps exclude from any other remedy an adopted child, neither next of kin nor dependent, but would not exclude a stranger.

The reason for excluding those in a personal relationship to the government employee is that they presumably benefit from the creation of the exclusive statutory remedy, whereas third-party tortfeasors who are also victims of the government's tortious conduct do not. Thus, Bremen urges that when a third party's right of action against the United States

---

1. We are advised by counsel that Wallenius Bremen G.m.b.H., is a German corporation.

2. 28 U.S.C. §§ 1346(b), 2671 et seq.

3. 46 U.S.C. §§ 741, 742 et seq.

arises out of an independent duty owed by the United States to the third party, it is not barred, nor intended to be barred, by the foregoing statutory limitation, and that so to construe the statute is a distortion of congressional purpose.

Despite the exclusive remedy provision of statutes destroying tort liability of the government and substituting the statutory scheme, indemnity has been allowed in at least three situations by the United States Supreme Court. In 1956, the Supreme Court, while deciding a claim for indemnity in a case involving the Longshoremen's and Harbor Workers' Compensation Act, specified that "[W]e do not meet the question of a noncontractual right of indemnity or of the relation of the Compensation Act to such a right." Ryan Stevedoring Co. v. Pan-Atlantic SS Corp., 350 U.S. 124, 133, 76 S.Ct. 232, 237, 100 L.Ed. 133 (1956). In *Ryan,* the employee of a stevedore sued a shipowner for injuries sustained in a cargo accident, and the shipowner filed a third-party complaint against the stevedore. Five members of the Supreme Court approved allowing the third-party complaint, rejecting the stevedore's contention that the Longshoremen's and Harbor Workers' Compensation Act, in limiting the stevedore's liability to the compensation provided for in the Act, barred the shipowner from recovering indemnity from the stevedore for damages for which the shipowner had been held liable as a result of the stevedore's breach of a contractual duty owed the shipowner. Such a *contractual* duty was found in the stevedore's agreement to stow cargo for the shipowner, and therefore to stow it properly.

More closely in point, because it interprets the statute in our case, is Weyerhaeuser SS Co. v. United States, 372 U.S. 597, 83 S.Ct. 926, 10 L.Ed.2d (1963), involving a mutual fault collision between a ship and an Army dredge. A United States employee on the dredge sued the shipowner and collected. When the admiralty rule of divided damages was applied, allowing each party to recover from the other one-half of its provable damages and court costs, the ship-

owner was allowed to include in his damages, and thus partially to recover from the United States, the amount he had paid the United States employee for his injuries. The Court held that the Federal Employees' Compensation Act did not abrogate the historic admiralty rule of divided damages in mutual fault collisions. While the Court conceded that there was no contractual obligation, as in *Ryan,* it said that there was "instead, a rule of admiralty law which, for more than 100 years, has governed with at least equal clarity the correlative rights and duties of two shipowners whose vessels have been involved in a collision in which both were at fault." 372 U.S. at 603, 83 S.Ct. at 930.

This statement of the Court in *Weyerhaeuser,* is, we think, of controlling importance and strongly supports Bremen's view of the Act:

> "The legislative history of the Federal Employees' Compensation Act, originally passed in 1916, shows that the concern of Congress was to provide federal employees a swift, economical, and assured right of compensation for injuries arising out of the employment relationship, regardless of the negligence of the employee or his fellow servants, or the lack of fault on the part of the United States. The purpose of § 7(b), added in 1949, was to establish that, as between the Government on the one hand and its employees and thir representatives or dependents on the other, the statutory remedy was to be exclusive. *There is no evidence whatever that Congress was concerned with the rights of unrelated third parties,* much less of any purpose to disturb settled doctrines of admiralty law affecting the mutual rights and liabilities of private shipowners in collision cases." (Emphasis added.) (Footnote omitted.)

▮ *Weyerhaeuser* permits indemnity to the shipowner who had satisfied the claim of the injured United States employee, even though the injured employee could not himself have maintained a suit for damages against the United States because of the limitation of the Act.

Thus it seems clear that the exclusive remedy provision of the Act is not per se a bar to an action for indemnity.

That the Court may have thought that other types of obligations, as well as the divided damages rule, were intended to be undisturbed by the Federal Employees' Compensation Act when claims based on them were pressed by third parties, is indicated by the disposition of Treadwell Const. Co. v. United States, 372 U.S. 772, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963). The conclusion of the Court of Appeals for the Third Circuit, sub nom., Drake v. Treadwell Const. Co., 299 F.2d 789 (3rd Cir. 1962), was that the United States could not be made to contribute as a joint tort-feasor when prosecution of a tort action by the injured person against the United States was barred by § 7(b) of the Compensation Act. This decision was vacated and the case was remanded to the district court to consider in the light of Weyerhaeuser the validity of a claim by a government contractor for indemnity, after the contractor paid damages to a government employee who was injured by the explosion of a tank provided by the contractor.

But the government urges that *Ryan, Weyerhaeuser* and *Treadwell* are distinguishable, and therefore not controlling, and press upon us the view of the Ninth Circuit denying indemnity in Wien Alaska Airlines, Inc. v. United States, 375 F.2d 736 (9th Cir. 1967), and in United Air Lines v. Wiener, 335 F.2d 379 (9th Cir. 1964), *cert. denied* 379 U.S. 1951, 85 S.Ct. 452, 13 L.Ed.2d 549 (1964). The *Wiener* case concerned a mid-air collision between a United States plane and a private plane, in which private persons and government employees were killed. The court held that United Air Lines could not claim indemnity for wrongful death damages paid to the survivors of the government employees, though indemnity was awarded for damages paid the other passengers:

"[The United States] argues that by operation of the exclusive liability provision of this section there is no underlying tort liability of the govern-

ment to its employees and therefore there is no basis for indemnification. In our view United's claim for indemnity * * * is barred in accordance with the government's * * * contention.

"The Supreme Court in Weyerhaeuser * * *, held that the express provisions of the statute do not qualify the historic admiralty rule of divided damages in mutual fault collisions. The admiralty rule of divided damages is to be distinguished from the rule of indemnity urged upon us by United since under admiralty law there arises from a collision involving mutual fault the right to apportionment of all damages resulting therefrom, including personal injuries, cargo damage, and damage to the ships. The divided damage rule is based upon the duty which each shipowner owes the other to navigate safely irrespective of any duty to the person injured. On the other hand neither contribution nor indemnity may be awarded without the support of liability on the part of the indemnitor to the person injured. *The courts have consistently held that in the absence of an express or implied contract of indemnity, or in the absence of the indemnitor's liability to the injured party, there can be no recovery for indemnity.* (Citations.)" 335 F.2d at 402–03. (Emphasis added). The court concluded that

"United's claim for indemnity is not based upon a duty owed by the government to United by virtue of a contract, attenuated or otherwise, or by operation of a rule of law such as the divided damage rule of admiralty. There being no underlying liability on the part of the government, United's claim for indemnity must fall. We do not agree with United that the Supreme Court's remand in the case of *Treadwell * * ** represents a rejection by the court of these well-settled principles." *Id.* at 404.

We disagree. We think *Ryan, Weyerhaeuser* and *Treadwell* teach that the existence of the Federal Employees' Com-

pensation Act does not bar third-party claims for indemnity. It is clear that the Act does not in its terms bar such suits. The Ninth Circuit, in *Wiener*, specifically concedes as much.[4] To achieve the *Wiener* result there must be read into the Act something that is not there. To see what that something is requires examination of the indemnity formula:

■■ To begin, we note that indemnity in the law of torts is, of course, the name given to the determination of primary and secondary liability. Unlike contribution, indemnity is the shifting of the entire loss to another who ought to bear it because (a) he expressly or impliedly agreed to do so, or (b) his fault is "primary" and relatively more grievous, and the other's fault is "passive" or "constructive", or "vicarious" or "insulated." Prosser, Torts § 48 (Hornbook Series, 3rd ed. 1964). Contract aside, indemnity may be allowed only if the person from whom indemnity is sought (the government here) owed a *duty* of his own to the injured person. The duty owed by the one sought to be made indemnitor must be "primary": its violation must be more grievous than the breach of duty of the indemnitee.

■ But we are unable to see why in addition to breach of duty there must be indemnitor's *liability* to the injured party. If the purpose of indemnity is to relieve the relatively innocent wrongdoer and shift the burden to one whose conduct is more blameworthy, the fact that the latter has a personal defense if sued by the injured person would seem to be irrelevant., See 1 Harper & James,

Torts § 10.2 at 718 (to same effect in the context of contribution between joint tort-feasors).

We think the words in context "anyone otherwise entitled to recover" were not intended to and do not exclude a suit by a secondary wrongdoer against the United States on the theory that its fault was primary and its duty ran both to the indemnitee and the injured person. So to hold would distort the sense and purpose of the statute and stretch words beyond their natural meaning.

As for the law of indemnity we think the better rule is that which rests the right of indemnity upon violation of a duty of care to the injured person rather than upon tort "liability."

The government moved the court for summary judgment on the broad ground that the complaint failed to state a claim upon which relief could be granted and that plaintiff would be unable to prove any facts at trial which would entitle it to relief. Our examination of the record indicates that the facts were rather fully developed by extensive discovery procedures, and indeed the final pretrial order recites numerous fact stipulations. Distracted by the asserted bar of the statute, the district judge failed to consider the other issues tendered by the government in the final pretrial order.[5] We remand the case to consider these and other issues that arise on the pleadings in their present form or as may be amended.

On remand the district court should consider and determine whether the plaintiff may be entitled to recover un-

---

4. "In our view United's claim for indemnity is not expressly barred by the provision of the section relied upon by the government * * *." 335 F.2d at 402.

5. These were stated as fact contentions of defendant:

"(1) Mitchell suffered no physical impairment which caused him to fall from the gangway.

"(2) Mitchell has been performing his duties capably for over five months preceding the accident.

"(3) For over five months preceding the accident, Mitchell conducted himself in a normal fashion, showing no signs of any physical impairment whatsoever.

"(4) For over five months preceding the accident, Mitchell's supervisors observed no sign of any physical impairment in Mitchell.

"(5) At no time did any physician treating Mitchell advise Mitchell's supervisors that Mitchell was unfit for his job or that Mitchell's employment endangered his health.

"(6) It was reasonable for Mitchell's supervisors to have allowed Mitchell to board plaintiff's vessel on January 10, 1965.

der any theory advanced:[6] tort indemnity, implied contract to indemnify, or independent tort.[7]

Nothing we have said is intended either to encourage or to prevent renewed summary procedures, *compare* Schwartz v. Compagnie General Transatlantique, 405 F.2d 270 (2d Cir., Dec. 11, 1968), nor do we mean to express any opinion as to the ultimate merit, if any, of plaintiff's claim.

Reversed.

"(7) No act of the Government caused plaintiff any injury.

"(8) It was unforeseeable that Mitchell's presence on the M/V MARTHA would injure plaintiff.

"(9) Plaintiff's failure to notify the Government of its indemnity claim or of its intended settlement with Mitchell greatly prejudiced the Government and was unreasonable.

"(10) Plaintiff's failure to give the Government an opportunity to participate in the defense of Mitchell's suit was unreasonable and greatly prejudiced the Government.

"(11) The amount paid to Mitchell in settlement was excessive.

"(12) The attorney's fees allegedly paid by plaintiff for defense of Mitchell's suit were excessive.

"(13) Plaintiff had the last opportunity to avoid the accident."

6. Although the complaint is framed in terms of indemnity it may, of course, without amendment, be read to embrace contribution. The district court so read it on a prior motion to dismiss, noting that the Federal Tort Claims Act comprehends claims by way of contribution or indemnity, citing United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951); Uptagrafft v. United States, 315 F.2d 200 (4th Cir. 1963); Drumgoole v. Virginia Electric & Power Co., 170 F.Supp. 824 (E.D.Va.1959).

7. In a fact situation the converse of ours, the Supreme Court has recently recognized the possibility that a stevedore whose employee was killed in a shipboard accident has a direct action in tort against the shipowner to recover the amount of compensation payments made by the stevedore. Federal Maritime Terminals, Inc. v. Burnside Shipping Co., Ltd., (April 1, 1969), held that § 33 of the Longshoremen's and Harbor Workers' Compensation Act was not the exclusive source of the stevedore's remedies against the shipowner. The Court remanded to the district court to allow the plaintiff to pursue various theories of recovery—including independent tort.