Norman H. MARLOWE, Plaintiff,

v.

NATIONAL MAUSOLEUM CORPORATION et al., Defendants.

Civ. A. No. 4182.

United States District Court,
E. D. Virginia,
Alexandria Division.

Oct. 6, 1971.

6. See N.J.Judiciary Law §§ 590, 597 (1968).

Dillard C. Laughlin, Arlington, Va., for plaintiff.

Mark B. Sandground, Washington, D. C., for defendants.

## MEMORANDUM OPINION

OREN R. LEWIS, District Judge.

This matter came ón again to be heard on the plaintiff's motion for reconsideration of this Court's memorandum opinion of October 28, 1969 and order of December 10, 1969, filed herein, and upon the defendants' counterclaim.

The December 30, 1970 minutes in the companion case, Civil Action No. 4667, record the denial of the motion for reconsideration.

If that be not sufficient, the said motion for reconsideration is again hereby denied.

The parties have stipulated that the National Mausoleum Corporation owed the plaintiff $56,548.93 for earned commissions as of December 31, 1969, and $83,431.84 for contingent commissions as and when the contracts are paid, subject to reductions due to cancellations.

■ The defendants seek a set-off for the profits the plaintiff made on the Rust lots and for his share of the moneys they paid to settle the Maryland and this Court's judgments in the George Washington Cemetery matter.

This Court has heretofore found that the plaintiff converted the thirty-seven lots to his own use—The facts indicate that he purchased these lots from the corporations for less than their then market value by an unsecured note. The evidence is not clear whether or not this note was ever in fact paid. The plaintiff thereafter gave the lots to various churches for the use of the poor—He claimed the full market value as a personal charitable contribution on his tax returns.

The profits made on this transaction must be returned to the corporations. The defendants claim these profits were something between twenty-nine and thirty-four thousand dollars. The best evidence of the profits made was the amount the plaintiff saved on his state and federal income taxes. His federal tax records for 1960, 1961 and 1962 show he saved $15,704.31—His state tax records for the years in question were not produced. His attorney should produce them forthwith.

These federal and state tax savings as shown on the plaintiff's returns for the years 1960, 1961 and 1962 will be allowed as a set-off against the moneys the defendants owe the plaintiff.

■■ The defendants' claim that the plaintiff is liable for his proportionate share of the loss occasioned by the George Washington Cemetery suit will be denied.

The defendants first sought contribution and then shifted to indemnity. Contribution is not applicable—The wrongs complained of involve moral tur-

pitude. See § 8–627, Virginia Code. Neither is indemnity applicable—The corporations were not technical or secondary wrongdoers—They were co-conspirators—primary wrongdoers. See Wallenius Bremen v. United States, 409 F.2d 994 (4th Cir. 1969).

Judge Butzner, speaking for this court in Civil Action No. 2541 (the George Washington Cemetery suit), found that these defendant corporations, acting through their respective officers, both authorized and ratified the acts of the individual conspirators (Norman Marlowe and others). Furthermore, the defendants knowingly and willingly accepted the benefits of the conspiracy—These findings are binding here.

Further, the evidence in this case did not show how much money, if any, the defendant corporations paid for the release of the Maryland judgment against the plaintiff—The judgments against the defendant corporations, the plaintiff and the other Maryland defendants were compromised and settled for $200,000.00—a package deal—The plaintiff and the other Maryland defendants paid $40,-000.00—The corporate defendants paid the rest—$160,000.00.

Having participated in and received all of the benefits from the wrongdoing, the corporations are not entitled, in law or equity, to recoup the expenses (judgment and attorney fees) or any part thereof from one of its errant officers.

Counsel for the plaintiff, upon receipt of the amount of the plaintiff's state tax savings above mentioned, should forthwith prepare an appropriate judgment in accordance with this memorandum opinion, submit it to counsel for the defendants for approval as to form, and then to this Court for entry.

The judgment herein awarded the plaintiff should not be paid by the corporate defendants until the corporations have first fully complied with the order this day entered in Norman Marlowe et al. v. Robert Marlowe, et al., Civil Action No. 4667.