Shelley L. **ADAMS** et al., Plaintiffs,

v.

**GENERAL DYNAMICS CORPORATION** et al., Defendant and Third-Party Plaintiff,

v.

**UNITED STATES** of America, Third-Party Defendant.

Civ. Nos. 72–77 PMH – 72–89–PMH.

United States District Court, N. D. California.

Dec. 2, 1974.

---

1. List v. Fashion Park, 340 F.2d 457, 462 (2d Cir.), cert. denied sub nom. List v. Lerner, 382 U.S. 811, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965).

Cooper, White & Cooper, R. Barry Churton, and Neil L. Shapiro, San Francisco, Cal., for General Dynamics Corp. third party Plaintiff.

Paul V. Melodia, Gerald C. Sterns, Thomas G. Smith, Walkup, Downing & Sterns, San Francisco, Cal., for plaintiffs.

James F. Browning, Jr., U. S. Atty., Richard F. Locke, Asst. U. S. Atty., San Francisco, Cal., Joseph T. Cook, Trial Atty., Aviation Unit Torts Section, Civ. Div., Dept. of Justice, Washington, D. C., for United States, third party defendant.

## ORDER

PEIRSON M. HALL, Senior, District Judge.

On May 23, 1973, the third-party defendant United States of America moved this Court to dismiss the third-party complaint for lack of jurisdiction under the Federal Tort Claims Act (FTCA; 28 U.S.C. §§ 1346 and 2671 et seq.). On May 31, 1973, this Court ᴗnied said motion.

Subsequently, at the suggestion of the Court, the United States of America moved for reconsideration of its motion.

The United States of America's position is that this Court has no jurisdiction over it because where servicemen are involved, sovereign immunity has not been waived.

█ It is clear that a serviceman (or the survivors of a deceased serviceman) cannot recover against the United States for injuries suffered while performing duties incident to his service. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950); Lee v. United States, 400 F.2d 558 (9th Cir., 1968) cert. den., 393 U.S. 1053, 89 S.Ct. 691, 21 L.Ed.2d 695 (1969). The *Feres* case was a judicial determination that the FTCA had not waived sovereign immunity in serviceman cases, and that the District Court had no jurisdiction over the United States.

█ In this action the United States argues that since the plaintiffs cannot recover directly against the government, they should not be permitted to recover indirectly, by having the recovery pass through the hands of defendant and third-party plaintiff, General Dynamics Corporation. Authority for this position abounds: United Air Lines v. United States, 335 F.2d 379 (9th Cir., 1964) cert. dismissed, 379 U.S. 951, 85 S.Ct 452, 13 L.Ed.2d 549 (1964); Wein Alaska Airlines v. United States, 375 F.2d 736 (9th Cir., 1967) cert. den. 389 U.S. 940, 88 S.Ct. 288, 19 L.Ed.2d 291; Travelers Insurance Company v. United States, 493 F.2d 881 (3rd Cir., 1974); Di Girogio v. United States, 372 F.Supp. 1373 (E.D.N.Y., 1974), aff'd 2nd Circuit, October 9, 1974.

Defendant and third-party plaintiff General Dynamics relies upon Wallenius Bremen G.M.B.H. v. United States, 409 F.2d 994 (4th Cir.) cert. den. 398 U.S. 958, 90 S.Ct. 2164, 26 L.Ed.2d 542 (1969) and Treadwell Construction Co. v. U. S., 372 U.S. 597, 83 S.Ct. 926, 10 L.Ed.2d 1 (1963). Reliance on the *Treadwell* case is misplaced, because the Su-

preme Court did not decide the question it had, but merely vacated a lower court dismissal for reconsideration. Such can be precedent only for the procedure of vacating and reconsidering, and not for a substantive interpretation of the law

While in the *Bremen* case the Fourth Circuit did decide the question of third-party recovery against the United States contrary to the Ninth Circuit's *Weiner* decision, it mistakenly relied upon Weyerhaeuser S. S. v. United States, 372 U.S. 597, 83 S.Ct. 926, 10 L.Ed.2d 1 (1963). *Weyerhaeuser* was an admiralty case, and it turned upon the age-old traditional admiralty concept of divided damages. Here we are dealing with a recent statute (the FTCA was passed in 1946) and recent judicial interpretation thereof.

It appears to this Court that the only decisions which permit third-party recovery against the United States in this situation commence their reasoning with *Weyerhaeuser*. Because that reasoning is misapplied, and because the Court finds the Ninth Circuit approach in *Weiner* to be more correct, and clearly controlling, it is therefor,

Ordered, that the earlier order of this Court dated May 31, 1973, denying the United States' Motion to Dismiss the third-party complaint, be and hereby is vacated, and it is further

Ordered, that the United States Motion to Dismiss the third-party complaint be and hereby is, granted.

The Court hereby certifies that it is of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

The Court indicated on September 11, 1974, that it would grant the motion but there was an indication that a cross-claim had been filed by the United States. Upon which suggestion the Court indicated it would defer the ruling for ten days to determine whether the Government had filed and would dismiss said claim. The Court also indicated its desire for a proposed written order and would grant a certification under Title 28, Section 1292(b).

The files in this case are in San Francisco and the Court and his clerk are in Los Angeles, which handicapped a search for the cross-claims. The Court did not receive information from the United States until September 19, 1974, that no cross-claim had been and probably would not be filed. At which time the undersigned granted the within order.