**Shelley L. ADAMS et al., Plaintiffs,**

v.

**GENERAL DYNAMICS CORPORATION et al., Defendants.**

**GENERAL DYNAMICS CORPORATION, Third-Party Plaintiff, Appellant,**

v.

**The UNITED STATES of America, Third-Party Defendant-Appellee.**

No. 74–3484.

United States Court of Appeals, Ninth Circuit.

April 15, 1976.

Rehearing and Rehearing En Banc Denied May 26, 1976.

R. Barry Churton (argued), of Cooper, White & Cooper, San Francisco, Cal., for petitioners.

Thomas S. Martin, Atty. (argued), of Appellate Section, Civ. Div., Dept. of Justice, Washington, D.C., for respondents.

OPINION

Before WRIGHT and KILKENNY, Circuit Judges, and CHRISTENSEN,* District Judge.

CHRISTENSEN, District Judge.

Under circumstances comparable to those of the present case, it was held in *United Air Lines, Inc. v. Wiener*, 335 F.2d 379 (9th Cir.), *cert. dismissed sub nom.*, *United Air Lines v. United States*, 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549 (1964), and reiterated in *Wien Alaska Airlines, Inc. v. United States*, 375 F.2d 736 (9th Cir.), *cert. denied*, 389 U.S. 940, 88 S.Ct. 288, 19 L.Ed.2d 291 (1967), that notwithstanding differences in the character of the negligence charged against the respective defendants there could be no recovery of noncontractual indemnity against the United States by its codefendants because of the absence of underlying liability of the United States to the plaintiffs in those suits. Whether there are any significant distinctions in application or whether the doctrine of *Wiener* should be reexamined here is the burden of this appeal. Only because of appellant's earnest contention that intervening developments have thrown our prior decisions into question have we taken another look. And we have concluded both that *Wiener* is controlling and that there exists no justification for initiating the *en banc* consideration that would be essential under our rules for its being overruled.

The determinative facts have been stipulated for the purposes of this appeal. Gen-

---

\* Honorable A. Sherman Christensen, Senior United States District Judge for the District of Utah, sitting by designation.

eral Dynamics Corporation, third-party plaintiff in the court below and appellant here, in approximately June, 1954, supplied to the United States Air Force a military version of the Convair 240 civilian aircraft which it theretofore had designed, developed and manufactured. After June, 1954, and through the sixteen year period immediately preceding the accident which gave rise to this action, the United States had exclusive control of the operation, inspection, repair, and maintenance of this aircraft. On May 4, 1970, it crashed shortly after takeoff. It was then piloted by a United States Air Force officer, carried a crew of four Air Force personnel, and had as passengers nine Air Force personnel and one member of the United States Army. All of these servicemen were on active duty and their activities at the time of the accident were incident to their military service. With the exception of one passenger who was seriously injured, all were killed in the crash.

Actions were filed[1] against General Dynamics by the representatives of the deceased crew members and passengers and by the sole surviving passenger in keeping with theories of negligence and strict liability. Thereafter, General Dynamics with leave of court filed a third-party complaint against the United States of America.

The United States moved to dismiss the third-party complaint. The district court initially denied the motion, but upon reconsideration the third-party complaint on the authority of *Wiener* was dismissed by order of November 26, 1974,[2] which also certified that the indemnity issue involved a controlling question of law as to which there was substantial ground for difference of opinion, and that an immediate appeal could materially advance the ultimate termination of the litigation. This court granted leave to appeal pursuant to 28 U.S.C. § 1292(b).

An examination of the respective pleadings has rendered clear that in addition to failure of the government to discover, correct or give warning of any faulty design or manufacture (which could have constituted negligence on the part of the government of the same kind or quality charged by plaintiffs against General Dynamics), the third-party complaint also charged the government with having negligently, recklessly and wantonly operated the aircraft and trained, instructed, and supervised its pilot and crew. For the purposes of the government's motion to dismiss we must take these allegations as true.[3] Thus within the teachings of *Wiener*, if indemnity is not recoverable against the government, it must be for a reason other than that the indemnitor and the indemnitee were *in pari delicto.*[4] We thus are confronted directly with *Wiener's* holding that the absence of any underlying liability of the government

---

1. The actions were originally filed in California State courts, but were removed to the United States District Court for the Northern District of California and were there consolidated.

2. *Adams v. General Dynamics Corporation*, 385 F.Supp. 890 (N.D.Cal.1974).

3. *Cruz v. Beto*, Corrections Director, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263, 268 (1972); *Securities & Exchange Com'n. v. Insurance Securities*, 254 F.2d 642, 644 (9th Cir.), *cert. denied*, 358 U.S. 823, 79 S.Ct. 38, 3 L.Ed.2d 64 (1958).

4. *United Air Lines, Inc. v. Wiener, supra*, at 398–402. See also *Security Insurance Co. of New Haven v. Johnson*, 276 F.2d 182 (10th Cir. 1960), quoted in *Wiener* at 401 as expressing the general principles governing the problem

arising in Nevada in the absence of local decisions to the contrary. We find nothing in the decisions of the courts of California, where the present cases arose, at variance with these principles as approved in *Wiener*. See *Great American Insurance Co. v. Evans*, 269 F.Supp. 151 (N.D.Cal.1967); *Green v. Los Angeles*, 40 Cal.App.3d, 819, 115 Cal.Rptr. 685 (1974); *San Mateo Union High School Dist. v. Yamas*, 22 Cal.App.3d 185, 99 Cal.Rptr. 258 (1971); *Atchison T. & S. F. Ry. v. Lan Franco*, 267 Cal. App.2d 881, 73 Cal.Rptr. 660 (1968); *Herrero v. Atkinson*, 227 Cal.App.2d 69, 38 Cal.Rptr. 490 (1964); *Cahill Brothers, Inc. v. Clementina Co.*, 208 Cal.App.2d 367, 25 Cal.Rptr. 301 (1962); *De La Forest v. Yandle*, 171 Cal.App.2d 59, 340 P.2d 52 (1959); *San Francisco Unified School Dist. v. Cal. Bldg., Main Co.*, 162 Cal.App.2d 434, 328 P.2d 785 (1958).

to the plaintiffs is fatal to the claim for indemnity.[5]

Apart from reargument of matters thoroughly considered in the earlier decisions of this court, appellant relies principally upon the sequela of the order of remand in *Treadwell Construction Co. v. United States*, 372 U.S. 772, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963),[6] and a subsequent decision of the Fourth Circuit.[7] However, we are convinced that the validity of *Wiener* has not been thrown into substantial question. On the contrary, the increasing weight of authority, as well as the better reasons, appear to support it.[8]

Accordingly, we affirm the judgment of the district court which accepted *Wiener* as controlling.

**5.** *Barr v. Brezina Construction Co.*, 464 F.2d 1141 (10th Cir. 1972), *cert. denied*, 409 U.S. 1125 [93 S.Ct. 937, 35 L.Ed.2d 256] (1973), is cited by appellant as supporting its position that indemnity is allowable under the circumstances of the present case. In that case, views were expressed concerning this problem somewhat inconsistent with the holding in *Wiener* and, indeed, inconsistent with the decision of the trial judge there, who is a member of the present panel as well as the author of *Security Insurance Company of New Haven v. Johnson*, 276 F.2d 182 (10th Cir. 1960), *supra*. *Barr* also involved the ruling of the district court that indemnity should be denied for the additional reason that the negligence charged against the respective parties, notwithstanding possible differences in degree, was essentially of the same kind or quality, i.e., negligent design on the one hand, and negligent construction pursuant to such design, on the other. The judgment of the trial court was affirmed on the latter basis. By further curious coincidence, another member of the present panel was involved as visiting circuit judge in the *Barr* case. These convoluted exposures with the problem have led to a revisitation of *Wiener* from a variety of viewpoints none of which, as already indicated, persuades us that it should be overruled.

**6.** The court in *Wiener* took note of the remand in *Treadwell* but perceived nothing militating against its conclusion. The district court on remand again concluded that the exclusive remedy provision was not available as a defense to a third party action against the United States. *Drake v. Treadwell Constr. Co.*, Civil No. 14517 (W.D.Pa. Order of May 24, 1963, and July 9, 1963). The government again appealed but later moved for dismissal upon recommendation of the Solicitor General. The following comment is pertinent: "The Court in *Busey v. Washington*, 225 F.Supp. [416] at 421, seemed to find some significance in the fact that the Supreme Court in *Drake v. Treadwell Constr. Co.*, 372 U.S. 772 [83 S.Ct. 1102, 10 L.Ed.2d 136] (1963), did not reverse the court of appeals but merely vacated its judgment and remanded. This distinction was obviously not so clear to the Fourth Circuit which felt that the Supreme Court's remand in *Treadwell* indicated that 'the court may have thought that other types of obligations [than divided damages claims in admiralty] were intended to be undisturbed by' the FECA. *Wallenius Bremen G.m.b.H. v. United States*, 409 F.2d 994, 997. That the lower courts have been forced to prospect for substance in actions of the Supreme Court of so little manifest significance is certainly indicative of the unspoken realization on the part of these courts that the Supreme Court has in fact left the issue squarely undecided." Note, *Federal Law—Contribution and Indemnity Under the Federal Employees' Compensation Act*, 6 Toledo L.Rev. 272, 282, n. 42 (1974).

**7.** *Wallenius Bremen G.m.b.H. v. United States*, 409 F.2d 994 (4th Cir. 1969), *cert. denied*, 398 U.S. 958 [90 S.Ct. 2164, 26 L.Ed.2d 542] (1970), *supra*.

**8.** The more recent case of *Travelers Insurance Co. v. United States*, 493 F.2d 881 (3d Cir. 1974), *supra*, expressly relies upon *Wiener*. And the following appears to be a fair summary of the present state of circuit authority generally: "The issue is whether the exclusive remedy provision of the Federal Employee's Compensation Act bars the claim of a third party under the Federal Tort Claims Act for indemnity or contribution against the Federal Government for damages paid to an injured government employee. Two 1963 decisions of the Supreme Court have given rise to what one court calls 'hopeless conflict' among the lower federal courts. At least four circuits have now held that recovery is precluded; a 1969 Fourth Circuit decision holds otherwise. The issue has been unresolved for ten years with at least one denial of certiorari since the conflict arose, and it was the subject of a detailed Third Circuit opinion in 1974." (Citation omitted.) Report of Commission on Revision of the Federal Court Appellate System, Appendix B, 67 F.R.D. 195, 283–4 (1975).