United States Court of Appeals,

Fifth Circuit.

No. 91–4487.

WALLS INDUSTRIES, INC., Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

April 7, 1992.

Appeal from the United States District Court for the Eastern District of Texas.

Before GOLDBERG, DUHÉ, and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

In this case we address the issue whether a third-party claim against the United States may be maintained in impleader when the tort victim herself cannot sue the United States because of the Federal Employees' Compensation Act, 5 U.S.C. §§ 8101–8193. We hold that although the FECA does not directly bar a third-party plaintiff's right to sue the United States in all contexts, the FECA in this case takes away the Appellant's substantive claim. We therefore affirm.

I.

The relevant facts are undisputed. Julianne Ahlgren, a federal civilian employee, was burned in a fire on a United States vessel, and her injuries were exacerbated because her clothing, manufactured by Walls Industries, Inc., melted onto her skin. Walls has paid a judgment to Ms. Ahlgren and seeks contribution or indemnity from the United States because of the Government's alleged negligence. The Government counters that Walls cannot succeed in its claim against the United States because Ms. Ahlgren cannot sue the United States. The district court agreed and dismissed the third-party claim for want of subject matter jurisdiction and failure to state a claim. Walls appeals.

II.

The parties disagree whether this suit arises under the Suits in Admiralty Act[1] or the Public Vessels Act.[2] We need not resolve this issue because in this case the law is the same under either Act. *See* 46 U.S.C.App. § 782 (the PVA incorporates the terms of the SAA except where inconsistent); *Canadian Aviator, Ltd. v. United States,* 324 U.S. 215, 227, 65 S.Ct. 639, 645–46, 89 L.Ed. 901 (1945). The United States is liable as a private party would be in the same or similar circumstances. *See* 46 U.S.C.App. § 742; *Canadian Aviator,* 324 U.S. at 228, 65 S.Ct. at 646.

The FECA is the statute that provides the live issue in this case. It is functionally equivalent to workers' compensation for federal employees; they get certain benefits under the Act but cannot sue the United States. The Act states:

> The liability of the United States ... with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality [thereof] to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8116(c). Because the Act covers Ms. Ahlgren's injury, she cannot sue the United States. She can sue a third party, however, and she did successfully sue Walls. Walls impleaded the United States, which argues that it cannot be liable to Walls in impleader if it cannot be liable to Ms. Ahlgren directly.

Walls bases its counterargument on *Lockheed Aircraft Corp. v. United States,* 460 U.S. 190, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983). In that case, a civilian employee of the United States was killed in a crash of an Air Force jet manufactured by Lockheed. The FECA covered her death. Her administrator sued Lockheed, which impleaded the United States. *Id.* at 191–93, 103 S.Ct. at 1035–36. The government argued that Lockheed was "any other person" within the meaning of the

---

[1] 46 U.S.C.App. §§ 741–752.

[2] 46 U.S.C.App. §§ 781–790.

Act, and that the United States was therefore immune from suit by Lockheed. The Supreme Court disagreed, holding that if Lockheed had a cause of action against the United States under the applicable substantive law, then the Act did not bar its suit. *Id.* at 193–97, 103 S.Ct. at 1036–38.

*Lockheed* teaches, then, "that FECA's exclusive-liability provision does not directly bar a third-party indemnity action against the United States." *Id.* at 199, 103 S.Ct. at 1039 (citation omitted). Neither Lockheed nor Walls is "any other person" within the meaning of the statute. *Id.* at 196, 103 S.Ct. at 1037–38. If Walls has a viable cause of action against the United States, Walls can sue. The question becomes whether Walls has a cause of action under the applicable substantive law.

*Lockheed* does not answer this question because "[t]he validity of Lockheed's substantive claim [wa]s not before" the Supreme Court. *Id.* at 197 n. 8, 103 S.Ct. at 1038 n. 8. We must decide the issue that *Lockheed* did not decide, that is, whether Walls has a substantive claim against the United States. The only theories that Walls presses on appeal are contribution and indemnity.[3]

Contribution and indemnity[4] are available only if joint tortfeasors share a common liability to the plaintiff. *Simeon v. T. Smith & Son,* 852 F.2d 1421, 1434 (5th Cir.1988), *cert. denied,* 490 U.S. 1106, 109 S.Ct. 3156, 104 L.Ed.2d 1019 (1989). If one tortfeasor is not liable to the plaintiff (e.g., because of a workers' compensation statute), it is not liable for contribution or indemnity either. *Id.* Under the substantive law of contribution and indemnity, therefore, Walls cannot state a claim. Nor has Walls argued before this Court any other substantive legal theory that would allow it to recover from the United States. *See supra* note 3 and accompanying text.

---

[3]Walls urged other theories in the district court but did not argue them before us. A party that inadequately briefs an issue is considered to have abandoned the claim. *Villanueva v. CNA Ins. Cos.,* 868 F.2d 684, 687 n. 5 (5th Cir.1989).

[4]Walls's indemnity claim is merely one for 100% contribution, and we only address that kind of indemnity claim. We emphasize that Walls does not press a theory of contractual indemnity, or indemnity of any other type.

Thus, although under *Lockheed* Walls could defeat a motion to dismiss based on sovereign immunity to third-party suits, it cannot survive a motion to dismiss for "failure to state a claim upon which relief can be granted." *See* Fed.R.Civ.P. 12(b)(6). Our holding shows why the Supreme Court stated "that FECA's exclusive-liability provision does not *directly* bar a third-party indemnity action against the United States." *Lockheed,* 460 U.S. at 199, 103 S.Ct. at 1039 (citation omitted) (emphasis added). In some cases, such as this one, the FECA has the effect of indirectly barring a third-party indemnity action; the Act takes away a derivative claim for contribution or indemnity. In other cases such as those involving a duty owed by the United States to the third-party plaintiff, the latter's substantive claim survives the FECA exclusivity provision because the claim is not derivative of the duty owed to the first-party plaintiff. *See, e.g., Wallenius Bremen G.m.b.H. v. United States,* 409 F.2d 994, 995 (4th Cir.1969), *cert. denied,* 398 U.S. 958, 90 S.Ct. 2164, 26 L.Ed.2d 542 (1970). Walls's reliance on *Wallenius Bremen* is therefore misplaced.

This reading of *Lockheed* accords with our precedent. Although we have never faced this precise issue, this Circuit has faced similar ones and has had to construe *Lockheed.* In *Simeon,* the Court read *Lockheed* to "hold[ ] that the exclusive liability protection afforded the United States by Federal Employees' Compensation Act would not bar an indemnity claim by a concurrent tort-feasor, *provided there was some substantive law of indemnity on which the claim could be based.*" *Simeon,* 852 F.2d at 1435 (emphasis added). In another case, this Court stressed that a third-party plaintiff must have "an underlying substantive tort action" before it can invoke *Lockheed. Ketchum v. Gulf Oil Corp.,* 798 F.2d 159, 162 (5th Cir.1986).

The Ninth Circuit has addressed the issue we face in this case, and it agrees with our reasoning. In construing *Lockheed,* the Ninth Circuit observed that the Supreme Court

> held that FECA section 8116(c) does not *directly* bar third-party indemnity claims against the United States.... The Court, however, left open the possibility that section 8116 might *indirectly* bar third-party claims. It made clear that the third party must be able to identify the substantive law that affirmatively grants it the right to proceed against the government before

the claim can go forward.

*Bush v. Eagle–Picher Indus.,* 927 F.2d 445, 450–51 (9th Cir.1991) (emphasis in original). Similarly, the District of Columbia Circuit has squarely held that while the United States is not immune from suit by a third-party plaintiff, the third-party plaintiff does not have a derivative claim under the substantive law for contribution against the United States when the United States is immune from suit by the first-party plaintiff. *Eagle–Picher Indus. v. United States,* 937 F.2d 625, 634–37 (D.C.Cir.1991). Other circuits also agree. *See Eagle–Picher Indus. v. United States,* 846 F.2d 888, 892 & n. 6 (3rd Cir.), *cert. denied,* 488 U.S. 965, 109 S.Ct. 490, 102 L.Ed.2d 527 (1988); *In re All Me. Asbestos Litig. (PNS Cases),* 772 F.2d 1023, 1027–28 (1st Cir.1985), *cert. denied,* 476 U.S. 1126, 106 S.Ct. 1994, 90 L.Ed.2d 675 (1986); *cf. Lopez v. A.C. & S., Inc.,* 858 F.2d 712, 720–21 (Fed.Cir.1988) (five-judge court), *cert. denied,* 491 U.S. 904, 109 S.Ct. 3185, 105 L.Ed.2d 694 (1989).

Walls argues that our reasoning is the same as that of the dissent in *Lockheed. See* 460 U.S. at 199–203, 103 S.Ct. at 1039–1041 (Rehnquist, J., dissenting). First, we do not agree that they are entirely the same. The dissent in *Lockheed,* had it prevailed, would have held that the exclusivity provision of the FECA would always bar a third-party claim against the United States. *See id.* at 199, 103 S.Ct. at 1039. We do not so hold. Second, we allow that in other ways, our reasoning is similar to that of the *Lockheed* dissent because much of the reasoning of then-Justice Rehnquist was based on an analysis of the substantive law. We do not believe that the dissent's substantive analysis has been discredited; rather, the majority dismissed it as "entirely irrelevant" because "the validity of the substantive indemnity claim is not before us." *Id.* at 197 n. 8, 103 S.Ct. at 1038 n. 8 (majority opinion). Because "the validity of the substantive indemnity claim" is unquestionably before this Court, we find the substantive analysis of the *Lockheed* dissent both apposite and correct.

## III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.