**Ruth RIVERA–LOPEZ, Angel L. Ramos–Matos, individually and in representation of the Conjugal Partnership composed between them, Plaintiffs,**

v.

**ACTION SERVICES CORP., XY Insurance Co., Richard Doe, John Doe, Defendants–Third–Party Plaintiffs,**

v.

**UNITED STATES of America (U.S. Customs Service), Third–Party Defendant.**

**Civil No. 95–1539CCC.**

United States District Court,
D. Puerto Rico.

Feb. 6, 1996.

18

Francisco M. Troncoso, Old San Juan, PR, for Plaintiff.

Ivonne Cruz–Serrano, Bayamon, PR, Guillermo Gil, U.S. Attorney, María Hortensia Ríos–Gándara, Asst. U.S. Attorney, Hato Rey, PR, for the U.S.

## OPINION AND ORDER

CEREZO, Chief Judge.

This action, originally filed in the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, was removed to this Court by third-party defendant United States of America (USA). Now before the Court is a request to remand the original complaint made by defendants and third-party plaintiffs Action Services Corp. (Action) and Cigna Insurance Company (Cigna) (docket entry 5), and a motion to dismiss the third party complaint filed by the USA (docket entry 8).

### I. Background

On November 6, 1992, Ruth Rivera López (Rivera), an employee of the U.S. Customs Service Administration, had an accident at the facilities of the Customs Service in Old San Juan. Claiming that it was caused by the negligence of Action, which was in charge of providing maintenance to those Customs facilities, Rivera, her husband Angel Ramos–Matos and their conjugal partnership filed suit against Action and its insurer Cigna in the Superior Court on September 21, 1993. Action and Cigna, in turn, filed a third-party complaint against the USA and the U.S. Customs Service on March 29, 1995, maintaining they were liable for Rivera's accident as it was allegedly caused by the condition and physical defects of the Customs building.

## II. *The USA's motion to dismiss*

On May 1, 1995, the USA removed the action to this Court under 28 U.S.C. § 1441(a) & (b). Shortly thereafter, it moved for dismissal of the third-party complaint. The USA's dismissal request is two-pronged, based both on defendants-third-party plaintiffs' alleged failure to properly serve it with summons, and on a purported immunity from third-party claims under the particular circumstances of this case. Because we find this last argument to be dispositive of the third-party action, we address it first.

■ In a nutshell, the USA's argument is as follows: as Rivera's accident occurred during her employment, her exclusive remedy against the USA is provided by the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8116(c). Although the USA recognizes that the third-party claimants are not barred by FECA from seeking indemnity against it, it asserts that they must identify a cause of action under the applicable substantive law. As, in this case, the third-party action against it arises under the Federal Torts Claim Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–80, which makes the government liable in the same manner and to the same extent as a private individual under the same circumstances, the USA claims that in order to determine its liability it must be equated to an employer insured under the Puerto Rico Workmen's Accident Compensation Act PRWACA, 11 L.P.R.A. § 1 *et. seq.* Given that, under Puerto Rico law, employers have been deemed to be immune from third-party suits resulting from an accident covered under PRWACA, the USA claims to be similarly immune in this action. The third-party plaintiffs have opposed the USA's motion to dismiss (docket entry 11), maintaining that it incorrectly interprets the applicable law.

FECA is, without question, functionally equivalent to workers' compensation for federal employees, as they get certain benefits under the Act but cannot sue the United States. *Walls Industries, Inc. v. U.S.*, 958 F.2d 69, 70 (5th Cir.1992). The Act states:

The liability of the United States or an instrumentality thereof ... with respect to the injury or death of an employee is ex-clusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8116(c).

■ As the Act covers Rivera's injury, she cannot sue the USA as correctly claimed by it. She can sue a third party, however, as she did with Action and Cigna. These defendants, in turn, are not directly barred by FECA's exclusive-liability provision from bringing a third-party indemnity action against the United States. *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 199, 103 S.Ct. 1033, 1038, 74 L.Ed.2d 911 (1983). Yet, in order to maintain such a third-party action, they must identify other substantive law affirmatively granting them the right to proceed against the government. *Id.* at 197 n. 8, 199, 103 S.Ct. at 1037 n. 8, 1038.

■ We thus turn to the substantive provisions of the FTCA in order to determine whether Action and Cigna could maintain their third-party complaint against the USA, as their claim sounds in torts. The FTCA, after all, "is a limited waiver of sovereign immunity that subjects the United States to tort liability within certain parameters." *In re All Maine Asbestos Litigation (PNS Cases)*, 772 F.2d 1023 (1st Cir.1985). Under the FTCA, the federal district courts have exclusive jurisdiction over suits for money damages against the United States for injury, loss of property, personal injury or death caused by the negligent or wrongful act or omission of any government employee while acting within the scope of his office or employment. *General Elec. Co. v. U.S.*, 813 F.2d 1273, 1275 (4th Cir.1987). This liability extends to circumstances where the government, if a private person, would be liable according to the law of the place where the

act or omission occurred. 28 U.S.C. § 1346(b). The United States shall be liable for those tort claims in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674. "We therefore look to whether a private person in like circumstances would be liable under the law of [Puerto Rico], the situs state." *In re All Maine,* 772 F.2d at 1027.

Although the United States complied with the FECA, a similarly situated private employer in Puerto Rico would have to comply with the Commonwealth's worker's compensation law, the PRWACA. *Id.* at p. 1028; *General Elec. Co.,* 813 F.2d at 1275. Thus, we examine Action–Cigna's claim under the PRWACA, even though the government was not in actuality covered by the Commonwealth's compensation law. *Roelofs v. United States,* 501 F.2d 87, 92–93 (5th Cir.1974).

Article 20 of the PRWACA provides:

When an employer insures his workmen or employees in accordance with this chapter, the right herein established to obtain compensation shall be the only remedy against the employer, even in those cases where maximum compensations and benefits have been granted in accordance thereof; but in case of accident to, or disease or death of, the workmen or employees not entitled to compensation under this chapter, the liability of the employer is, and shall continue to be, the same as if this chapter did not exist.

11 L.P.R.A. § 21.

The Supreme Court of Puerto Rico, in interpreting this article, has stated that the exclusiveness of the remedy therein set forth is "of an absolute character which creates a legal immunity in favor of an insured employer against any other action; in other words, there is no cause of action." *Admor. F.S.E. v. Flores Hnos. Cement Prods.,* 107 D.P.R. 789, 792 (1978). The Court has also held that "such statutory immunity cannot be defeated through the indirect means of a third-party claim." *Cortijo Walker v. Water Resources Authority,* 91 P.R.R. 557, 565 (1964). As further explained by the Court:

A third-party claim against the employer under the circumstances of the record— insured employer and the accident covered

by the compensation statute—is not available in law under statutory provisions such as § 20, nor on the theory of "contribution" in which a joint tortfeasor would be liable to another tortfeasor, nor on the theory of the right of a defendant in tort to be "indemnified" by a third-party defendant in connection with the facts.

*Cortijo Walker,* 91 P.R.R. at 563.

Thus, under Puerto Rico law, a private employer insured under the PRWACA is clearly immune from third-party claims that result from an accident covered by the Act. Pursuant to the FTCA, the USA is entitled to claim the same immunity provided to the private employer under PRWACA. In this instance, then, the third-party claim filed by Action and Cigna against the USA is clearly barred. Accordingly, the USA's motion to dismiss (docket entry 8) is hereby GRANTED. Judgment shall be entered by separate order dismissing Action–Cigna's third-party complaint.

### III. *The third-party plaintiffs' motion to remand*

Action and Cigna have moved to remand the original complaint (docket entry 5), insisting that it could not be removed together with the third-party complaint as the Court lacks subject matter jurisdiction to entertain the claims under Puerto Rico law therein raised. Although plaintiffs originally opposed the motion (docket entry 8), in a later filing they expressed having no objection to the remand request (docket entry 12). In any event, and given the dismissal of the third-party claim brought against the USA, as just ordered above, the remand of the original complaint to the Commonwealth courts is the only choice available to us at this time. 28 U.S.C. § 1447(c). Accordingly, the Motion to Remand filed by the third-party plaintiffs is hereby GRANTED.

### IV. *Conclusion*

In view of the above stated, the Motion to Remand filed by Action and Cigna (docket entry 5) is GRANTED. The Motion to Strike Plaintiffs' Demand for a Jury Trial (docket entry 5) is MOOT. The Motion to

Dismiss filed by the USA (docket entry 8) is GRANTED. The Request to File Reply to Opposition to Motion to Remand filed by Action and Cigna (docket entry 10) is MOOT. The Motion in Regard to Motion to Remand (docket entry 12) is NOTED. The Informative Motion filed by Action and Cigna (docket entry 14) is MOOT.

SO ORDERED.

## JUDGMENT AND REMAND ORDER

Pursuant to the Opinion and Order entered on this same date, Judgment is hereby entered dismissing the third-party complaint filed by Action Services Corp. and Cigna Insurance Company against the United States of America.

As the Court lacks subject matter jurisdiction to entertain the original complaint, the same is REMANDED to the Superior Court of Puerto Rico, San Juan Part.

SO ORDERED AND ADJUDGED.